Below is an order of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                )
                     )   Case No._____
                     )
                     )   APPLICATION TO EMPLOY
                     )   BROKER, **AND ORDER THEREON**
Debtor(s)            )

    The undersigned trustee applies to employ _____, a licensed real estate or other broker, whose address is _____, to sell the following estate property under an exclusive listing or other agreement:

    The terms of employment and compensation are customary in this marketplace for this type of sale and are as shown in the <u>attached listing or other agreement</u>. In general terms, the proposed compensation is as follows: _____.

    To the best of the trustee's knowledge said broker has no connections with the entities listed in the verification below, except as described therein.

DATE: _____

_____
Trustee

753.60 (8/8/13)    **Page 1 of 2**    \*\*\* **SEE NEXT PAGE** \*\*\*

I, the broker named above, verify that neither I nor my company has any connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

_____
Applicant/Relation to Company

**IT IS ORDERED** that employment of the above-named broker is authorized and the trustee is authorized to compensate said broker <u>within the above terms</u> without further court order unless an interested party files a timely objection to the notice of sale and proposed compensation.

**IT IS FURTHER ORDERED** that any proposed sale of the listed asset and broker compensation is subject to bankruptcy court approval if timely objections are filed, any arbitration or mediation provision in the attached agreement is without effect, and all issues regarding the employment relationship or the interpretation of the attached agreement are subject to the exclusive jurisdiction of the bankruptcy court.

###

EMPLOYMENT CONTRACT

THIS AGREEMENT is made and entered into between **Alex Aaronson,** hereinafter referred to as "Broker", and the Bankruptcy Estate of **Itai Aaronson**, Case No. **19-62384-tmr7**, through Candace Amborn, the duly qualified and acting Trustee , hereinafter referred to as "Trustee", on the following terms and conditions, to wit:

1. <u>LISTING</u>: For and in consideration of services to be performed by Broker, and except as hereinafter provided in paragraphs 6 and 9 of this agreement, Trustee hereby employs Broker as Trustee's broker to procure a ready, willing, and able buyer for that certain real property, together with improvements and fixtures situated thereon located at:
<u>LAND WITH HOME , 593 Oak Knoll Drive, Ashland, OR 97520</u>

Broker's authorization is limited to the receipt of offers to purchase the subject property that will result in the net payment, after payment of all the Debtor's exemption(s) (if any), liens, escrow fees, and commissions, of a minimum of Two Thousand Dollars ($2,000.00).

Broker's authorization is limited to the receipt and transmission to Trustee of offers to purchase the above-described property. Offers will only be considered by Trustee when accompanied by at least One Thousand Dollars ($1,000.00) as deposit or earnest money. Broker shall transmit to Trustee all offers to purchase the above-described property. In the event that a forfeiture of a prospective buyer's deposit or earnest money shall occur, Trustee shall equally split said deposit(s) with the above named Broker.

2. <u>AGENT'S AUTHORITY</u>: Notwithstanding the provisions of paragraph 1 of this Agreement, Broker is hereby authorized to enter upon any part of the property described above at reasonable times to inspect the same and to show the same to prospective buyers. In addition, it is understood and agreed that Broker is a member of a Multiple Listing Service in the county in which the property is situated. The Multiple Listing Service is not party to this agreement, and its sole responsibility is to refer to its other members in accordance with the rules of said service. It is agreed that said members shall act as agents of Broker hereunder. Broker is authorized to install a key box and sign on the subject premises, which box may be opened by a master key held by all members of the Multiple Listing Service and their salespersons, and in said box one (1) key to the subject premises will be kept. Broker and its agents, servants, and employees shall not be held responsible for vandalism, theft, or damage of any nature whatsoever to the subject property unless caused by Broker's neglect or willful misconduct. In addition, Broker may engage in any form of advertising, etc., which in the sole discretion of Broker shall be deemed appropriate and suitable to encourage offers to purchase the above-described real property. Any expenses incurred by Broker for advertising or other expenses incidental to the performance of this agreement Broker shall be the sole responsibility of Broker and shall be paid by Broker. Broker acknowledges that the commission provided for in paragraphs 4 and 5 of this agreement is the sole compensation to be paid to Broker. Any expenses to be paid by Trustee and/or the Bankruptcy Estate herein shall require the prior written approval of Trustee which is subject to the same limitations as hereinafter set forth in paragraph 9 of this agreement. It is understood and agreed that Trustee makes no representations or warranties, express or implied, concerning

the condition of the subject premises or any improvement or fixture situated thereon, in any manner whatsoever. It is further understood and agreed that Broker shall have no authority to make any such representations or warranties on behalf of Trustee and shall hold Trustee and the Bankruptcy Estate herein harmless from any and all costs and damages, including reasonable attorney's fees, incurred by Trustee or the Bankruptcy Estate herein as a result of any such representations or warranties made by Broker, its agents, servants, or employees.

3. <u>DURATION OF LISTING</u>: This agreement and the rights and obligations created hereunder shall become effective on the date Trustee becomes authorized to employ Broker as set forth herein. It is understood and agreed, that before the terms and conditions of this agreement may be carried out, creditors and other interested parties must be given notice and an opportunity to request a hearing concerning Broker's employment as an agent for Trustee. In the event that no hearing is requested or in the event that the Bankruptcy Court shall approve the employment of Broker as an agent for Trustee after hearing, Trustee shall notify Broker, in writing, of the effective date of this agreement. This agreement and the rights and obligations created hereunder shall then continue in full force and effect for a period of one hundred eighty (180) days thereafter, terminating at midnight on the one hundred eightieth (180th) day after the effective date as set forth above. In the event that a hearing is held concerning the employment of Broker as Trustee's agent and the Bankruptcy Court shall not approve either the employment of Broker as Trustee's agent or the terms and conditions of this agreement, this agreement shall be null and void and neither party to this agreement shall have any rights or obligations hereunder or be liable to the other party in any manner whatsoever.

4. <u>BROKER'S RIGHT TO RECEIVE COMMISSION EXTENDED</u>: Notwithstanding the provisions of paragraph 3 of this agreement, in the event that this agreement shall become effective as provided for in paragraph 3, and in the event that Trustee shall ultimately sell the property which is the subject of this agreement to any purchaser first submitted directly or indirectly by Broker to Trustee, within sixty (60) days from the expiration of this agreement, Broker shall be entitled to receive the brokerage commission hereinafter specified.

5. <u>BROKER'S COMMISSION</u>: Trustee agrees to pay to Broker a commission of <u>six percent (6%) of sales price</u> in the event Trustee shall sell the subject property to a buyer or buyers first submitted directly or indirectly to Trustee by Broker, it's agents, servants, or employees during the term of this agreement as set forth above, provided, however, that such sale shall occur within sixty (60) days from the date of the expiration of this agreement. Any commission due Broker shall be paid in lump sum from the proceeds of such sale upon the closing of such sales transaction or as soon as is practicable. Broker acknowledges that it shall be entitled to no commission hereunder unless such a sale shall actually be completed and closed as specified in this agreement.

6. <u>EXEMPTION OF DEBTOR</u>: It is agreed and understood that any offers to purchase the above-described property which may be received from the debtor in this proceeding, or anyone acting on the debtor's behalf shall be considered as exempt from the terms and provisions of this agreement and under no circumstances shall any such offer by treated as an offer received from someone first submitted directly or indirectly by Broker, its agent, servants, or employees.

2 (09/26/12)

7.   DUTIES OF BROKER:  Broker agrees to use due diligence and good faith in the performance of this agreement and the solicitation of offers to purchase the above-described property.

8.   AUTHORITY OF TRUSTEE:  It is expressly understood that Trustee reserves the right to accept and/or reject any offers to purchase the subject real property which are submitted to Trustee in accordance with the terms of this agreement.  In the event that Trustee decides, in her sole discretion, to accept an offer of purchase, Trustee shall give notice of her intention to accept the offer of purchase and to sell the subject real property to the Bankruptcy Court.

9.   APPROVAL OF BANKRUPTCY COURT:   It is expressly understood that Trustee is acting as a party to this agreement in her fiduciary capacity as Trustee of the Bankruptcy Estate herein named.  As such, any offers to purchase the subject property which are accepted by Trustee are subject to final approval and confirmation by the Bankruptcy Court under the following terms and conditions.  Upon the giving of notice of her intent to accept an offer of purchase and to sell as set forth in paragraph 8 above, the Bankruptcy Court shall, in turn, give the debtor, creditors, and other interested parties notice of the Trustee's intention and an opportunity to request a hearing if they so desire.  If no hearing is requested by an interested party within the time specified in the Court's notice, the Trustee may proceed without further authority from the Bankruptcy Court, unless the Court specifically instructs otherwise.  If a hearing is requested by an interested party, the Bankruptcy Court may either approve, modify, or reject any offer to purchase the subject property, after the hearing.  In the event that the Court does not approve an offer submitted and noticed by the Trustee as provided for herein, neither Trustee nor the Bankruptcy Estate shall incur any liability to Broker for the payment of the specified commission or for any other matter, whatsoever, Broker's right to a commission is subject to Bankruptcy Court approval; and said Court has the authority to award a commission in an amount different from that provided in this agreement.

10.   LIABILITIES:  It is understood and agreed that the purpose and objective of this Agreement is to procure a buyer, ready, willing, and able to purchase such interest as Trustee may have or have power to convey or dispose of as Trustee of this Bankruptcy Estate in the above-described property.  Trustee shall incur no personal liability, nor shall the Bankruptcy Estate herein incur any liability to Broker or any other person by reason of the fact that Trustee shall not have marketable title to the subject premises or any other matter directly or indirectly relating to the capacity and/or power of Trustee to sell the real property and/or other assets described above.  It is further understood and agreed that Trustee makes no warranties or covenants of title, express or implied.

11.   LEGAL EFFECT AND CHOICE OF LAW:  The parties hereto agree that the nature of this agreement is that of a personal service contract.  Accordingly, Broker may not assign any of its rights or obligations hereunder, except the right to receive any earned commission, without the prior approval of Trustee, which is subject to final approval and confirmation of the Bankruptcy Court in the same manner as described in paragraph 9 above.  The United States Bankruptcy Court, District of Oregon, shall have exclusive jurisdiction to resolve any disputes which may arise with respect to this agreement.

12.   ENTIRE AGREEMENT:  This contract constitutes the agreement between the parties in

respect to the transaction herein described and there shall be no modification or alteration of the same unless it be in writing subscribed by all the parties hereto, subject to approval and confirmation of the Bankruptcy Court in the same manner as described in paragraph 9 above.

13. **PARAGRAPH HEADINGS**:  Paragraph headings have been inserted in this agreement for convenience only and are not a part of this agreement nor a limitation of the scope of the particular paragraph to which each heading applies.

14. **RENTAL AGENCY**:  Broker shall rent subject property, if so instructed by Trustee, using all reasonable skill and diligence; shall collect all rents and pay all expenses and repairs; and, after deducting twenty-five percent (25%) of first month's and ten percent (10%) thereafter from the gross rent for a commission, shall pay Trustee remainder.  Broker shall be reimbursed by Trustee for all expenses and repairs paid by Broker.  All leases are to state that the property is in the bankruptcy estate and is in the process of sale or foreclosure.

15. **LISTING PRICE**:   No specific price is set for this listing agreement.  Broker shall use his or her professional judgment in obtaining the best sale price possible, consistent with the fact that the property is in liquidation.  The property cannot be sold unless there are sufficient funds to pay the Debtors' exemption(s) (if any), all encumbrances on the property, all costs of sale including commissions, with the resulting net proceeds payable to the Bankruptcy Estate of a minimum of $2,000.00.

DATED:  __4/21/2020__          Bankruptcy Estate of : Itai Aaronson
                                Case No. 19-62384-tmr7


                                By:  /s/Candace Amborn
                                     Trustee in Bankruptcy

DATED:  __4/14/2020__          Broker:
                                Alex Aaronson
                                John L. Scott Real Estate
                                871 Medford Center
                                Medford, OR 97504

                                By: /s/ Alex Aaronson, Broker